2/14/2023 12:30 PM
Sherry Griffis
District Clerk
Harrison County, Texas
Lori Hightower
Deputy

## CAUSE NO. 22-0634

| | | |
|---|---|---|
| **WADE SKINNER** | § | **IN THE 71st DISTRICT COURT** |
| | § | |
| **VS.** | § | **IN AND FOR** |
| | § | |
| **CHRISTOPHER SCOTT FUTRELL** | § | |
| **AND ALLSTATE FIRE AND** | § | |
| **CASUALTY INSURANCE** | § | |
| **COMPANY** | § | **HARRISON COUNTY, TEXAS** |

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, WADE SKINNER complaining herein of CHRISTOPHER SCOTT FUTRELL and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, hereinafter called Defendants, and for cause of action would respectfully show the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES

Plaintiff WADE SKINNER is a resident of Longview, Gregg County, Texas. The last three numbers of Plaintiff's Texas Driver's License are 295 and the last three numbers of his social security number are 184.

Defendant, CHRISTOPHER SCOTT FUTRELL, is an individual who resides in Marshall, Harrison County, Texas and has already been served with the lawsuit.

Defendant, ALLSTATE FIRE & CASUALTY INSURANCE COMPANY, is an Illinois corporation licensed to write insurance in the State of Texas. Defendant ALLSTATE can be served with process through its registered agent for service in the State of Texas being CT Corporation System, 1999 Bryan Street, St. 900, Dallas, Texas 75201.

Copy from re:SearchTX

## JURISDICTION AND VENUE

Jurisdiction is proper in that the amount in controversy greatly exceeds the minimum jurisdictional requirements of this Court.

Pursuant to Section 15.001 et seq. of the Texas Civil Practice and Remedies Code, venue is proper in Harrison County in that is the county wherein Defendant resides.

## FACTUAL BACKGROUND

On or about February 15, 2022, Plaintiff WADE SKINNER was the driver of a vehicle traveling eastbound on FM 2011 in Gregg County, Texas and had stopped at flashing red stop sign at the 4-way intersection of FM-2011 and SH-322. Defendant CHRISTOPHER SCOTT FUTRELL was the driver of a vehicle traveling southbound on SH-322. As Defendant approached the intersection, he wasn't paying attention to the flashing signal and due to his speed, he failed to stop at the stop line and swerved his vehicle to the right as he proceeded through the intersection causing his vehicle to collide into Plaintiff's vehicle. Defendant's negligence in failing to control his speed and causing this accident subjected Plaintiff to significant force, which caused him to suffer serious bodily injury.

### A.   NEGLIGENCE OF DEFENDANT CHRISTOPHER SCOTT FUTRELL

Defendant CHRISTOPHER SCOTT FUTRELL had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to other under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendant CHRISTOPHER SCOTT FUTRELL's negligent, careless, and reckless disregard of said duty. The negligent, careless, and reckless disregard of said duty of Defendant CHRISTOPHER SCOTT FUTRELL consisted of, but is not limited to, the following acts and omissions:

1.     Failure to keep a proper lookout;

Copy from re:SearchTX

2.      Failure to timely apply brakes;

3.      Failure to control the vehicle;

4.      Failure to control the speed of the vehicle;

5.      Failure to act and/or respond in a reasonable manner; and

6.      Failure to yield the right-of-way.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

**B.      <u>UNDERINSURED MOTORIST</u>**

On or about February 15, 2022, the date of the accident, Plaintiff WADE SKINNER was a beneficiary covered by insurance issued by Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY (Policy No. 429 009 999). The policy included coverage for uninsured/underinsured motorists. Plaintiff was a valid "covered person" under said policy.

The at-fault driver in the accident, CHRISTOPHER SCOTT FUTRELL, was an under-insured motorist.

Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY was timely informed of the accident, and that Plaintiff intended to claim uninsured/underinsured motorist benefits.

Plaintiff sought recovery for her injuries against the at-fault driver in the accident, CHRISTOPHER SCOTT FUTRELL, whose policy of insurance was in force on the date of the crash, but was inadequate to cover Plaintiff's damages.

Plaintiff hereby seeks recovery for injuries under the subject uninsured/underinsured motorist coverage.

Plaintiff is seeking the full limits of the UM/UIM coverage under the subject policy.

Copy from re:SearchTX

Plaintiff WADE SKINNER has fully complied with all conditions of the insurance policy prior to bringing this suit. All conditions precedent has been performed or have occurred. Nevertheless, Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY has failed and refused, and still fails and refuses, to pay Plaintiff the benefits under the policy as it is contractually required to do.

1. Plaintiff WADE SKINNER files suit to establish entitlement to recover underinsured motorist benefits from her insurer Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY. Plaintiff was covered by a policy of insurance issued to Plaintiff, which was in full force and effect at the time of the crash which is the subject of this lawsuit. The policy of automobile insurance issued by Defendant included underinsured motorist coverage as defined under the policy. Plaintiff has fully complied with all the conditions of the insurance policy issued by Defendant. The damages sustained by Plaintiff are significant. Accordingly, the per-person limits of CHRISTOPHER SCOTT FUTRELL's insurance are inadequate to compensate Plaintiff for him damages from the subject accident. Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, by reason of the terms of the insurance contract it issued to Plaintiff, and for which Plaintiff has paid consideration in the form of premiums, owes Plaintiff uninsured/underinsured motorist benefits by reason of the subject crash.

2. Plaintiff is entitled to recover an amount equal to the amount of his legal damages that may be assessed in this suit which have been caused by the negligence of CHRISTOPHER SCOTT FUTRELL that exceed the available liability limits of CHRISTOPHER SCOTT FUTRELL.

3. Pursuant to Tex. Civ. Prac. & Rem. Code § 37.001, et seq., commonly referred to as the Uniform Declaratory Judgment Act, Plaintiff asks this Court to affirmatively declare the

Copy from re:SearchTX

rights, status and other legal relations between Plaintiff and Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY arising out of Plaintiff's insurance policy providing underinsured motorist benefits. Plaintiff requests that this Court render a declaratory judgment declaring: (1) that CHRISTOPHER SCOTT FUTRELL's negligence was a proximate cause of the underlying collision on February 15, 2022; (2) that no negligence on the part of Plaintiff was a proximate cause of that collision; (3) the amount of damages Plaintiff suffered as a result of the collision; (4) that CHRISTOPHER SCOTT FUTRELL was an underinsured/uninsured motorist, as that terms defined in Plaintiff's insurance policy providing underinsured/uninsured motorist benefits; (5) that, as a result of the injuries and damages Plaintiff suffered as a result of the February 15, 2022 collision she is entitled to recover and Defendant is obligated to pay underinsured motorist benefits; and (6) the amount of underinsured motorist benefits Plaintiff is entitled to recover under the insurance policy issued by Defendant.

4.      Plaintiff WADE SKINNER also seeks an award of all costs and reasonable and necessary attorneys' fees as are equitable and just pursuant to Tex. Civ. Prac. & Rem. Code § 37.009; and any and all further relief to which Plaintiff WADE SKINNER may show he is justly entitled.

### DAMAGES FOR PLAINTIFF WADE SKINNER

As a direct and proximate result of the negligence of Defendant as alleged herein, Plaintiff WADE SKINNER was caused to suffer bodily injury and to incur the following damages:

a.      Loss of earnings in the past and loss of earning capacity which, in reasonable probability, will be incurred in the future;

b.      Past medical expenses;

c.      Future medical expenses;

d.      Past and future physical impairment;

Copy from re:SearchTX

e.     Past and future pain and suffering; and

f.     Past and future mental anguish.

## RULE 47 STATEMENT

Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. In accordance with Texas Rules of Civil Procedure 47, Plaintiff seeks monetary relief of more than $250,000.00 but not more than $1,000,000.00.

## PRAYER FOR RELIEF

**FOR THE REASONS STATED**, Plaintiff prays that Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY be cited in terms of law to appear and answer herein and that Plaintiff, upon final trial of this cause, have judgment against Defendant in an amount in excess of the minimum jurisdictional limits of this Court, for costs of Court, pre-judgment and post-judgment interest at the highest legal rate, for the recovery of actual damages, and for such other and further relief, both special and general, to which Plaintiff may be entitled, in that of law and equity.

Respectfully submitted,

**THE MCGUIRE FIRM, P.C.**
102 N. College St., Suite 301
Tyler, Texas 75702
Telephone:  903-630-7154
Facsimile:  903-630-7173
shane@mcguirefirm.com

*/s/ Shane McGuire*
**SHANE MCGUIRE**
State Bar No: 24055940
**ATTORNEY FOR PLAINTIFF**

Copy from re:SearchTX

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instruments has been served upon all counsel of record by electronic service on the 16th day of February, 2023.

*/s/ Shane McGuire*
SHANE MCGUIRE

Copy from re:SearchTX